**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RENETTA CORDLE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. C2-01-1000 |
| | : | |
| | : | Judge Smith |
| vs. | : | |
| | : | Magistrate Judge King |
| K.C.J., INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION OF PLAINTIFFS AND DEFENDANTS**
**FOR APPROVAL AND ADOPTION OF SETTLEMENT AGREEMENT**

PLAINTIFFS AND DEFENDANTS, by and through their undersigned respective counsel, hereby respectfully move the Court to enter their proposed Stipulated Judgment Entry Adopting the Parties' Settlement Agreement, approving and adopting the parties' Settlement Agreement and Mutual Release as a fair and reasonable resolution of a bona fide dispute regarding the Plaintiffs' claims for unpaid wages under the Fair Labor Standards Act and Ohio state law. The reasons why Plaintiffs and Defendants urge the Court to enter the Stipulated Judgment Entry Adopting the Parties' Settlement Agreement are set forth in the attached Memorandum.

Respectfully submitted,

s/ John W. Ferron
Ohio Bar Number: 0024532
Attorney for Plaintiffs
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
Telephone: (614) 228-5225
Fax: (614) 228-3255
E-mail: JFerron@Ferronlaw.com

s/ William J. O'Neill
Ohio Bar Number: 0029936
Attorney for Defendants
McDONALD HOPKINS Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Fax: (216) 348-5474
E-mail: woneill@mhbh.com

## MEMORANDUM IN SUPPORT OF MOTION

Various federal courts have held that, in order for the settlement of a claim for unpaid wages under the Fair Labor Standards Act ("FLSA") to have any binding legal effect, the settlement must be approved and adopted by the district court by entry of a stipulated judgment containing a finding that the settlement is fair and reasonable. See, e.g., *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Plaintiffs and Defendants have entered into a settlement of the Plaintiffs' claims asserted in this matter, which are set forth in the "Settlement Agreement and Mutual Release" ("Agreement") that is attached hereto as Exhibit A.  The parties' Agreement resolves all of Plaintiffs' claims in this case against Defendants for unpaid wages under the FLSA and Ohio state law.

The parties respectfully submit that the Agreement is a fair and reasonable compromise of Plaintiffs' claims in this case and, therefore, the parties respectfully move that the Court, after reviewing the Agreement, approve and adopt the settlement by entering the Stipulated Judgment Entry Adopting the Parties' Settlement Agreement, which is attached hereto as Exhibit B.

Respectfully submitted,

s/ John W. Ferron
Ohio Bar Number: 0024532
Attorney for Plaintiffs

FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
Telephone: (614) 228-5225
Fax: (614) 228-3255
E-mail: JFerron@Ferronlaw.com

s/ William J. O'Neill
Ohio Bar Number: 0029936
Attorney for Defendants
McDONALD HOPKINS Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Fax: (216) 348-5474
E-mail: woneill@mhbh.com

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made as of October 27, 2003, by and between Rosalind Brown, Kary Bullock, Kathy Clouse, Ryan R. Cole, Kathy S. Francis, Natasha Francis, Samuel Gantner, Renetta Grimes (f/k/a Renetta Cordle), Shirley Grimes, Jennifer Heitkamp, Sarah Jenkins, Sandy K. Lowmaster, Arietta Monnin, Kurtis O'Brien, Rebecca O'Brien, Teresa O'Brien, Dallas Pickering, Donna Prater, Sue Prater, William Roberts, Kathy Robinson, Thomas Rogan, Kyle Smith, Elizabeth Sunderland, Josh Willaman, Pamela Willmeth and Melissa Zeller (collectively, the "Plaintiffs"), and Larry Custer, Debra Custer and K.C.J., Inc. (collectively the "Defendants").

WHEREAS, on October 16, 2001, a lawsuit was commenced against Defendants by Renetta Cordle, a representative of the Plaintiffs, asserting claims against the Defendants that they did not pay Plaintiffs, who used to be employed by one or more of the Defendants, all of the wages and/or overtime pay to which they were entitled pursuant to the Fair Labor Standards Act ("FLSA") and Ohio's wage payment laws.  This lawsuit was styled Renetta Cordle, et al. v. K.C.J., Inc., et al., U.S. Dist. Ct., S. Dist. Ohio, E. Div., Civil Action No. C2-01-1000 (hereinafter the "Cordle Lawsuit").  Defendants deny all claims asserted in the Cordle Lawsuit.

WHEREAS, on August 20, 2003, a lawsuit was commenced against Defendants by Teresa O'Brien asserting claims against the Defendants that they did not pay Ms. O'Brien, who used to be employed by one or more of the Defendants, all of the wages and/or overtime pay to which she was entitled pursuant to the FLSA and Ohio's wage payment laws.  This lawsuit was styled Teresea O'Brien v. K.C.J., Inc., et al., U.S. Dist. Ct., S. Dist. Ohio, E. Div., Case No. C2-03-747 (hereinafter the "O'Brien Lawsuit").  Defendants deny all claims asserted in the O'Brien lawsuit.

WHEREAS, the Parties now desire to resolve the claims asserted in the Cordle Lawsuit and the O'Brien Lawsuit, without any admission of liability by any Party, according to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the Parties' covenants and promises herein, each Party to this Agreement agrees as follows:

(1)　Settlement Payment to Plaintiffs: The Defendants shall issue to each undersigned Plaintiff two K.C.J., Inc. checks in the following amounts.

| Plaintiff's Name | "First Check" | "Second Check" |
| --- | --- | --- |
| Rosalind Brown | $750.00 | $375.00 |
| Kary Bullock | $750.00 | $375.00 |
| Kathy Clouse | $750.00 | $375.00 |
| Ryan R. Cole | $750.00 | $375.00 |
| Kathy S. Francis | $750.00 | $375.00 |
| Natasha Francis | $750.00 | $375.00 |
| Samuel Gantner | $750.00 | $375.00 |

EXHIBIT

A

| Renetta Grimes | $8,375.00 | $3,375.00 |
| Shirley Grimes | $750.00 | $375.00 |
| Jennifer Heitkamp | $1,500.00 | $750.00 |
| Sarah Jenkins | $750.00 | $375.00 |
| Sandy K. Lowmaster | $750.00 | $375.00 |
| Arietta Monnin | $1,500.00 | $750.00 |
| Kurtis O'Brien | $750.00 | $375.00 |
| Rebecca O'Brien | $750.00 | $375.00 |
| Teresea O'Brien | $4,375.00 | $1,375.00 |
| Dallas Pickering | $750.00 | $375.00 |
| Donna Prater | $750.00 | $375.00 |
| Sue Prater | $750.00 | $375.00 |
| William Roberts | $750.00 | $375.00 |
| Kathy Robinson | $1,500.00 | $750.00 |
| Thomas Rogan | $750.00 | $375.00 |
| Kyle Smith | $750.00 | $375.00 |
| Elizabeth Sunderland | $750.00 | $375.00 |
| Josh Willaman | $750.00 | $375.00 |
| Pamela Willmeth | $750.00 | $375.00 |
| Melissa Zeller | $750.00 | $375.00 |

The above payments described as the Defendants' "First Checks" shall be characterized as "compensatory damages and interest," shall not be subjected to any federal, state or local withholding or other payroll taxes, and shall be reported on a K.C.J., Inc. 1099-MISC form to be issued in early 2004 for the year 2003 and timely mailed to each undersigned Plaintiff. The above payments described as the Defendants' "Second Checks" shall be characterized as wages, subject to withholding and payroll taxes, and reported on a K.C.J., Inc. W-2 form to be issued in early 2004 for the year 2003 and timely mailed to each Plaintiff.

The Defendants shall deliver all of the foregoing "First Checks" and "Second Checks" no later than November 14, 2003 to Plaintiffs' counsel, who shall then be authorized and responsible for distributing the appropriate checks to each Plaintiff only after each Plaintiff has properly executed this Agreement. The Parties agree that the payments referenced in this paragraph are inclusive of interest, and that no additional interest shall be payable by Defendants on these sums.

(2)     Tax Implication of Defendants' Settlement Payments to Plaintiffs:  The Parties acknowledge that the Defendants make no warranty or representation to the undersigned Plaintiffs regarding the taxability or tax consequences of any payment made under the terms of this Agreement. The undersigned Plaintiffs agree not to bring any action or claim against, and agree to indemnify and hold harmless, Defendants, their agents, officers, shareholders, consultants, attorneys and insurers for any tax consequence, liability or penalty asserted by any tax authority relating to any monetary payment made pursuant to this Agreement.

(3)     Payment to Plaintiffs' Attorneys: The Defendants shall issue and deliver to Plaintiffs' counsel no later than November 14, 2003, a K.C.J., Inc. check made payable to

2

Plaintiffs' counsel ("Ferron & Associates, LPA") in the amount of $120,000.00, which Plaintiffs' counsel shall accept as payment in full for all attorney's fees and costs incurred in the prosecution of the claims in the Cordle Lawsuit and/or the O'Brien Lawsuit. The Parties agree that the payments referenced in this paragraph are inclusive of interest, and that no additional interest shall be payable by Defendants on these sums.

(4)    Court Approval of Settlement; Joint Motions and Stipulated Judgments: Counsel for the undersigned Plaintiffs and Defendants in the Cordle Lawsuit shall jointly move for the Court's approval and adoption of this settlement by signing and submitting the attached Joint Motion and Stipulated Judgment Entry Adopting the Parties' Settlement Agreement. Counsel for the undersigned Plaintiff and Defendants in the O'Brien Lawsuit shall jointly move for the Court's approval and adoption of this settlement by signing and submitting the attached Joint Motion and Stipulated Judgment Entry Adopting the Parties' Settlement Agreement. The effectiveness of this Agreement is expressly conditioned upon the Court, in both the Cordle Lawsuit and in the O'Brien Lawsuit, expressing approving and adopting the parties' settlement.

(5)    Dismissal of Lawsuits Upon Execution of Agreement: Within three (3) business days after receipt by Plaintiffs' counsel of the notice that the Court has approved the settlement in the Cordle Lawsuit and entered judgment, counsel for the undersigned Plaintiffs and Defendants shall jointly dismiss the Cordle Lawsuit with prejudice by means of signing and filing the attached Stipulated Dismissal With Prejudice form. Within three (3) business days after receipt by Plaintiffs' counsel of the notice that the Court has approved the settlement in the O'Brien Lawsuit and entered judgment, counsel for the undersigned Plaintiffs and Defendants shall jointly dismiss the O'Brien Lawsuit with prejudice by means of signing and filing the attached Stipulated Dismissal With Prejudice form.

(6)    Dismissal of Claims Upon Failure to Execute Agreement: In the event that any one or more of the Plaintiffs should fail or refuse to execute this Agreement by December 5, 2003, Plaintiffs' counsel shall by December 12, 2003: (A) dismiss the claims of any such Plaintiff or Plaintiffs without prejudice; and (B) return to Defendants' counsel the settlement checks forwarded for said Plaintiff or Plaintiffs.

(7)    Mutual Releases: The undersigned Parties hereby release claims against each other as follows: (A) the undersigned Plaintiffs hereby release and discharge the undersigned Defendants and their employees, former employees, owners, officers, shareholders, directors, insurers and attorneys from any and all claims and causes of action that the undersigned Plaintiffs asserted or could have asserted against Defendants regarding the alleged non-payment of wages or overtime pay in the Cordle Lawsuit and/or the O'Brien Lawsuit, including any claims for fraud, breach of contract or promissory estoppel, or claims arising under the Fair Labor Standards Act and/or Ohio Revised Code §4113, *et seq*.; and (B) the undersigned Defendants release and discharge the undersigned Plaintiffs and their attorneys from any and all claims and causes of action that the undersigned Defendants asserted or could have asserted against Plaintiffs in the Cordle Lawsuit and/or the O'Brien Lawsuit, including any claims for fraud, breach of contract or promissory estoppel, or claims arising under the Fair Labor Standards Act and/or Ohio Revised Code §4113, *et seq*.

3

(8)     <u>Waivers of Administrative Claims</u>.  The payments described in this Agreement shall serve as full payment for any regular, overtime or minimum wages, including liquidated damages and attorney's fees and costs, to which the undersigned Plaintiffs were or might have been entitled to under state or federal law as a result of their employment with K.C.J., Inc.  Thus, the undersigned Plaintiffs, collectively and individually, waive any and all rights to additional compensation, attorney's fees, costs, liquidated damages or other sums of money relating in any manner to the claims they asserted in the Cordle Case and/or the O'Brien Case as part of any administrative proceeding or investigation involving the U.S. Department of Labor, or the Ohio Department of Commerce or as part of any legal proceeding brought by and under any federal or state law regarding the proper payment of regular, overtime or minimum wages to employees.

(9)     <u>Entire Agreement; No Oral Modification</u>: This Agreement sets forth and constitutes the entire agreement between the undersigned Parties with respect to its subject matter and supersedes any and all prior agreements, understandings, promises, warranties and representations made by each to the other concerning its subject matter.  This Agreement may be modified only by a written document signed by all parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions in this Agreement is valid unless it is written and signed by the Party against whom the waiver is to be enforced.

(10)    <u>Governing Law</u>: This Agreement shall be construed in accordance with the laws of the State of Ohio.  Any action for the enforcement of this Agreement shall be brought in the United States District Court for the Southern District of Ohio, Eastern Division.

(11)    <u>Counterparts</u>: This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

DEFENDANTS                                      WITNESSETH:


By: _____          By: _____
       Authorized Agent for K.C.J., Inc.


By: _____          By: _____
       Larry Custer


By: _____          By: _____
       Debra Custer


PLAINTIFFS                                      WITNESSETH:


By: _____          By: _____
       Rosalind Brown

4

By: _____         By: _____
    Kary Bullock

By: _____         By: _____
    Kathy Clouse

By: _____         By: _____
    Jeffery Cole or Tanya Cole as
    Parent and Legal Representative
    for his/her minor son, Ryan Cole

By: _____         By: _____
    Kathy S. Francis

By: _____         By: _____
    Natasha Francis

By: _____         By: _____
    Samuel Gantner

By: _____         By: _____
    Renetta Grimes

By: _____         By: _____
    Shirley Grimes

By: _____         By: _____
    Jennifer Heitkamp

By: _____         By: _____
    Sarah Jenkins

By: _____         By: _____
    Sandy K. Lowmaster

By: _____        By: _____
Arietta Monnin


By: _____        By: _____
Teresea O'Brien as Parent and
Legal Representative for her
minor son, Kurtis O'Brien


By: _____        By: _____
Rebecca O'Brien


By: _____        By: _____
Teresea O'Brien


By: _____        By: _____
Vicky Goble as Parent and
Legal Representative for her
minor son, Dallas Pickering


By: _____        By: _____
Donna Prater


By: _____        By: _____
Sue Prater


By: _____        By: _____
William Roberts


By: _____        By: _____
Kathy Robinson


By: _____        By: _____
Thomas Rogan

By: _____        By: _____
Vicky Goble as Legal Guardian and
Representative for Kyle Smith


By: _____        By: _____
Kedith K. Sunderland, as Parent and
Legal Representative for her minor
daughter, Elizabeth Sunderland


By: _____        By: _____
Josh Willaman


By: _____        By: _____
Pamela Willmeth


By: _____        By: _____
Melissa Zeller

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

RENETTA CORDLE, *et al.*,            :
                                     :
              Plaintiffs,            :      Civil Action No. C2-01-1000
                                     :
                                     :      Judge Smith
vs.                                  :
                                     :      Magistrate Judge King
K.C.J., INC., *et al.*,              :
                                     :
              Defendants.            :

## STIPULATED JUDGMENT ENTRY ADOPTING
## THE PARTIES' SETTLEMENT AGREEMENT

This matter comes before the Court pursuant to the Joint Motion of Plaintiffs and Defendants for the approval of their "Settlement Agreement and Mutual Release" ("Agreement"). After careful review of the Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

The Agreement between Plaintiffs and Defendants is a fair and reasonable compromise of a bona fide dispute between the parties regarding Plaintiffs' claims for unpaid wages, attorney's fees, costs and interest under the Fair Labor Standards Act ("FLSA") and Ohio state law, and it is hereby approved and adopted by the Court.

The Court shall retain jurisdiction, until this matter is dismissed by the Parties, to resolve any disputes that might arise regarding their implementation of, or compliance with, the terms of the Agreement. Any unpaid costs shall be paid by Defendants.

IT IS SO ORDERED, this _____ day of _____, 2003.

_____
United States District Court Judge

**EXHIBIT**

*B*

Approved and submitted by:

s/ John W. Ferron
Ohio Bar Number: 0024532
Attorney for Plaintiffs
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
Telephone: (614) 228-5225
Fax: (614) 228-3255
E-mail: JFerron@Ferronlaw.com

s/ William J. O'Neill
Ohio Bar Number: 0029936
Attorney for Defendants
McDONALD HOPKINS Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Fax: (216) 348-5474
E-mail: woneill@mhbh.com